**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 44A TRUMP INTERNATIONAL, INC, | Civil Action No. 07-3425 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| JESSE E. RUSSELL, | October 4, 2012 |
| Defendant. | |

**WIGENTON**, District Judge.

Before the Court is Plaintiff 44A Trump International, Inc.'s ("Plaintiff") Motion to Reopen its prior action ("First Action") against Defendant Jesse E. Russell ("Russell" or "Defendant") pursuant to Fed. R. Civ. P. 60(b)(6), and consolidate it with a currently pending action ("Second Action") against Defendants IncNetworks Inc. ("IncNetworks") and Eric Magnelli, Esq. ("Magnelli") pursuant to Fed. R. Civ. P. 42(a). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, this Court denies Plaintiff's Motion.

**FACTUAL AND PROCEDURAL HISTORY**

On August 9, 2001, Plaintiff loaned Russell $560,000. (Pl. Br. at 1, Ex. A.) On or about July 24, 2007, Plaintiff filed the First Action against Russell alleging default on the loan. (Pl. Br. at 2.)

On February 4, 2009, the parties negotiated a settlement agreement and this Court dismissed the First Action "subject to the right of the parties upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." (Pl. Br. at 3.) On October 28, 2009, after two sixty-day extensions, Magnelli—Plaintiff's former counsel and escrow agent—informed this Court that Plaintiff and Russell settled the action. (See Pl. Br. at 3; Dkt. No. 29, 31.) Specifically, the terms of the settlement agreement between Plaintiff and Russell obligated Plaintiff and IncNetworks, a company owned by Russell, to be bound by three documents. (Pl. Br. at 3.) The documents included (1) a Promissory Note stating that IncNetworks was to repay the full amount of the loan to Plaintiff in "thirty (30) consecutive monthly payments of $20,000[,]" at an annual interest rate of six percent (6%); (2) a "Pledge Agreement," designed to act as insurance against repayment of the Note, in which IncNetworks agreed to purchase 560,000 shares of its own IncNetworks stock from Plaintiff; and (3) an Escrow Agreement stating that an Escrow Agent was to hold the stock, "other collateral," and the agreements in escrow. (See Pl. Br. at 1-2; Pl. Br. Ex. C, D, E.) The settlement did not include Russell personally; it involved only his entity, IncNetworks. (See Pl. Br. at 2.)

On or about July 2, 2010, IncNetworks defaulted on the Promissory Note. (See Pl. Br. at 3). Although IncNetworks made a few other "subsequent payments," Plaintiff asserts that there remained an unpaid balance of $421,000, at an annual interest rate of twelve percent (12%). (Id.)

On April 17, 2012, Plaintiff filed a separate suit, the Second Action, against IncNetworks and Magnelli, seeking to recover the balance of the Promissory Note and a release of collateral held in escrow. (See Pl. Br. at 4.) On May 24, 2012, Plaintiff filed its Motion to Reopen the First Action and consolidate it with the Second Action. (Dkt. No. 35.) According to Plaintiff, because the First Action and Second Action are based on the same debt and related defendants, it

2

is appropriate for this Court to reopen the First Action, consolidate it with the Second Action, and adjudicate both claims together.  (See Pl. Br. at 1-2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) states, in pertinent part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) is "intended to be a means for accomplishing justice in extraordinary situations, and so confined, does not violate the principle of the finality of judgments."  Kock v. Gov't of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987).  In addition, the petitioning party must bring its Rule 60(b) motion "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

A party seeking to reopen a final judgment must demonstrate "extraordinary circumstances" justifying the need for such relief.  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citing Ackermann v. United States, 340 U.S. 193, 199 (1950)).  For instance, extraordinary circumstances involve a showing that absent relief, the moving party will suffer "extreme" and "unexpected" hardship.  Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977) (internal quotes and citation omitted).

## DISCUSSION

### A. Motion to Reopen the First Action Pursuant to Rule 60(b)(6)

In this case, pursuant to Rule 60(b)(6), Plaintiff seeks to reopen the 2007 First Action against Russell for default on a loan which settled in 2009.  Plaintiff's Motion is premised on the following contentions: (1) the debt at issue was originally owed to Plaintiff by Russell and was the subject of the First Action; (2) Plaintiff and Russell settled the First Action and agreed to the terms of a Promissory Note obligating IncNetworks to repay Russell's remaining debt to

3

Plaintiff; (3) IncNetworks defaulted on the Promissory Note; and (4) Plaintiff filed the Second Action against IncNetworks to recover the outstanding debt. (See Pl. Br. at 1-2.) Plaintiff argues that because it is still owed $421,000, they should now be able to pursue Russell for repayment on the loan. (Id.) In support of his argument, Plaintiff contends that Russell was not discharged of his liability. (Id.)

The Court does not find Plaintiff's arguments convincing. As a preliminary matter, Plaintiff voluntarily entered into a settlement agreement with Russell in 2009 to resolve the First Action. As Defendant asserts, both parties negotiated, accepted, and executed the settlement documents. (Def. Br. at 2.) In crafting the settlement terms, if Plaintiff wanted to ensure that they could pursue Russell for the remaining debt in the event of IncNetworks' default, they should have contracted for such terms. Instead, the settlement documents are silent with respect to Russell.

The Second Action against IncNetworks solely involves IncNetworks' alleged default based on the settlement documents. Accordingly, the Second Action against IncNetworks stems from separate circumstances and documents than the First Action against Russell. If the First Action and Second Action should have been considered in conjunction, the terms in the settlement agreement or corresponding documents should have reflected this intent. As Defendant correctly points out, "[t]he Promissory Note contains its own default provisions and sets forth the remedies that [Plaintiff] may seek as against the Maker of that Note, (i.e.: IncNetworks), not Jesse Russell." (Def. Br. at 2.) At this juncture, Plaintiff can pursue recourse for IncNetworks' default based on the terms of the settlement agreement. Plaintiff cannot, however, ask this Court to rewrite or alter the terms of the contract simply because they are no longer satisfied with the arrangement.

4

Furthermore, the law requires that a party moving to reopen a case demonstrate extraordinary circumstances justifying such relief.  See Gonzalez, 545 U.S. at 535.  Here, Plaintiff has failed to address any extraordinary circumstances justifying a need to reopen the First Action against Russell.  Plaintiff alleges only that IncNetworks defaulted on the loan and Plaintiff is still owed $421,000.  This does not rise to the level of "extraordinary circumstances." Moreover, the Third Circuit has noted that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); see also Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 274 (3d Cir. 2002) (stating that "courts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions").  Plaintiff deliberately and voluntarily agreed to the settlement documents and their terms.  If Plaintiff wanted different or additional terms, he could have—and should have—included them in the settlement documents.  Accordingly, the Court denies Plaintiff's Rule 60 Motion to Reopen the First Action.

### B. Consolidation of Action Pursuant to Rule 42(a)

Plaintiff requests that the Court consolidate the First Action with the Second Action that is currently pending.  As this Court denies Plaintiff's Motion to Reopen the First Action, the issue of consolidation is moot.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reopen the First Action is DENIED.  The Motion to Consolidate is DENIED as moot.

s/Susan D. Wigenton, U.S.D.J.

cc:  Madeline Cox Arleo, U.S.M.J.